UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIXTO CRUIZ MURILLO,<br><br>             Petitioner,<br><br>     v.<br><br>THE FIFTH APPELLATE COURT,<br><br>             Respondent. | ) 1:12-cv—00656-SKO-HC<br>)<br>) ORDER DIRECTING THE CLERK TO SEND<br>) PETITIONER A HABEAS PETITION, A<br>) CIVIL RIGHTS COMPLAINT, AND AN<br>) APPLICATION TO PROCEED IN FORMA<br>) PAUPERIS<br>)<br>) ORDER REQUIRING PETITIONER TO<br>) FILE WITHIN THIRTY DAYS (1) A<br>) NOTICE OF VOLUNTARY DISMISSAL, OR<br>) (2) A PETITION OR, ALTERNATIVELY<br>  A COMPLAINT, AND TO PAY THE<br>  FILING FEE OR FILE AN IN FORMA<br>  PAUPERIS APPLICATION |

Petitioner, an inmate of the California State Prison at Corcoran, California, filed a document entitled "PETITION FOR WRIT OF CERTIORARI," captioned for the "SUPREME COURT OF THE UNITED STATES EASTEREN (sic) DISTRICT."  (Doc. 1, 1.)  Petitioner is proceeding pro se, and the Court has authorized him to proceed in forma pauperis.  The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 303.

   I.   Screening the Petition

   Rule 4 of the Rules Governing § 2254 Cases in the United

1

States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

The Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

Here, the petition is uncertain in several material respects. Because of these uncertainties, the Court is unable to

1  screen the petition or otherwise to proceed with the action.

2  It is unclear whether Petitioner intended to file for relief
3  in this Court, and if so, what type of relief Petitioner would be
4  seeking from this Court.  The designation of the court Petitioner
5  intended to file his petition in is uncertain.  The title
6  "SUPREME COURT OF THE UNITED STATES EASTEREN DISTRICT," (pet. 1)
7  appears to refer to the Supreme Court and not to this Court,
8  which is a United States District Court.  However, the apparent
9  reference to the Eastern District may indicate that Petitioner is
10 in fact seeking to file his petition in this court.

11 Further, Petitioner is petitioning for a writ of certiorari,
12 relief which a state prisoner may seek from the United States
13 Supreme Court.  (Pet. 6, 11.)  Petitioner invokes the
14 jurisdiction of the Court pursuant to 28 U.S.C. sec. 1254(1),
15 which pertains to review by the United States Supreme Court.
16 (Id. at 7.)

17 In addition, the Court takes judicial notice[1] of its docket
18 in Cixto Cruz Murillo, case number 1:12-cv-00531-GSA-HC, and of
19 the petition filed therein (doc. 1), in which Petitioner has
20 filed a petition for writ of habeas corpus relating to his
21 criminal conviction in case number VHC248140 in the Tulare County
22 Superior Court in 2000.  (Id. at 1.)  This Tulare County Superior
23 Court case number is the same number that appears in the petition
24 for certiorari that is before the Court in the present case.
25 (Doc. 1 at 1, 12.)

---

[1] The Court may take judicial notice of court records.  Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir. 1981).

1  It therefore appears that Petitioner has already filed a
2 petition for writ of habeas corpus in this Court concerning the
3 same judgment of conviction he is challenging in the earlier
4 filed habeas proceeding in this Court.  Because Petitioner has
5 already filed a habeas petition in this Court, and because
6 successive or repeated petitions for writs of habeas corpus are
7 subject to statutory limitations, it seems unlikely that
8 Petitioner's petition in the present proceeding is intended to be
9 a second petition for writ of habeas corpus.
10  In the petition before the Court, Petitioner complains of
11 the release of false information or slander by the Visalia Times
12 Delta and conduct in excess of guidelines by parole officers or
13 unspecified state officials, and he adverts to trying to commit
14 suicide while waiting for a parole board hearing past the time
15 guidelines.  (Pet. 10-11.)  These matters appear to relate to
16 actions by unofficial bodies or to conditions of confinement.  He
17 also raises claims concerning errors in what appear to have been
18 trial court proceedings, such as errors in the exclusion of
19 evidence and sentencing, and the ineffective assistance of
20 counsel.  (Id. at 8-10.)  However, Petitioner's allegations are
21 general, and many are vague or unclear.
22  A habeas petition in federal court is the proper mechanism
23 to challenge the fact or duration of confinement.  28 U.S.C.
24 § 2254(a); Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991)
25 (citing Preiser v. Rodriguez, 411 U.S. 475, 485, 93 S.Ct. 1827,
26 1833 (1973)).  In contrast, challenges to conditions of
27 confinement must be raised in a civil rights action.  Badea, 931
28 F.2d at 574 (citing Preiser, 411 U.S. at 485, 93 S.Ct. at 1833).

4

1    In sum, it is unclear whether the present petition is
2 intended to be filed in this Court.  If Petitioner intended to
3 file his petition in the United States Supreme Court and not
4 here, Petitioner should file a notice of voluntary dismissal of
5 the instant action.  If, on the other hand, Petitioner intended
6 to file the petition in this Court, it is unclear whether
7 Petitioner is intending to file a second habeas petition in this
8 action, or, in the alternative, a civil rights complaint
9 concerning conditions of confinement.
10    The Court will direct the Clerk's Office to provide
11 Petitioner with a form habeas petition, a civil rights complaint
12 form, and an application to proceed in forma pauperis.
13 Petitioner will have thirty (30) days in which to either: 1)
14 notify this Court that he is voluntarily dismissing this action;
15 2) file a petition for writ of habeas corpus bearing the case
16 number of this case, or 3) file a complaint bearing the case
17 number of this proceeding, along with the filing fee or an in
18 forma pauperis application, within thirty (30) days.
19    Further, although this Court has authorized Petitioner to
20 proceed in forma pauperis in this action with respect to a habeas
21 petition, it is anticipated that Petitioner may file a civil
22 rights complaint in response to this order.  In a civil rights
23 action, the plaintiff must either pay the filing fee in full or
24 file an application to proceed in forma pauperis.  Therefore,
25 either the fee or an application to proceed in forma pauperis
26 with respect to a civil rights action must be submitted along
27 with a complaint.  Alternatively, Petitioner may file a notice of
28 voluntary dismissal if he no longer wishes to pursue this action.

1 | Fed. R. Civ. P. 41(a)(1).
2 |     Accordingly, it is HEREBY ORDERED that:
3 |     1.   The Clerk's Office shall SEND Petitioner a form habeas
4 | petition for a state prisoner, a civil rights complaint form for
5 | an incarcerated person, and an application to proceed in forma
6 | pauperis; and
7 |     2.   Within thirty (30) days from the date of service of this
8 | order, Petitioner shall: 1) FILE a notice of voluntary dismissal,
9 | or 2) FILE either a petition, or a complaint accompanied by
10 | either the filing fee in full or an application to proceed in
11 | forma pauperis; and
12 |     3.   Petitioner is INFORMED that the failure to comply with
13 | this order will result in dismissal of this action, without
14 | prejudice.
15 |
16 | IT IS SO ORDERED.
17 | **Dated:   May 2, 2012**                    /s/ Sheila K. Oberto
                                                            UNITED STATES MAGISTRATE JUDGE