UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIXTO CRUIZ MURILLO, | ) 1:12-cv–00656-SKO-HC |
| | ) |
| Petitioner, | ) ORDER CONSTRUING DOCUMENT AS A |
| | ) FIRST AMENDED PETITION FOR WRIT |
| | ) OF HABEAS CORPUS (DOC. 12) |
| v. | ) |
| | ) ORDER DISREGARDING PETITIONER'S |
| THE FIFTH APPELLATE COURT, | ) MOTION TO PROCEED IN FORMA |
| | ) PAUPERIS (DOC. 13) |
| Respondent. | ) |
| | ) ORDER DISMISSING THE PETITION FOR |
| | ) WRIT OF HABEAS CORPUS WITHOUT |
| | ) LEAVE TO AMEND (DOCS. 12, 14) |
| | |
| | ORDER DECLINING TO ISSUE A |
| | CERTIFICATE OF APPEALABILITY AND |
| | DIRECTING THE CLERK TO CLOSE THE |
| | CASE |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on May 7, 2012 (doc. 10). Pending before the Court are two pleadings filed by Petitioner,

1

one of which is set forth on a prisoner civil rights complaint form (doc. 12, filed on May 14, 2012), and the other entitled as a first amended petition for writ of habeas corpus on a habeas corpus petition form (doc. 14, filed on May 17, 2012).

I.   Background

On April 18, 2012, Petitioner, an inmate of the California State Prison at Corcoran, California, filed a document entitled "PETITION FOR WRIT OF CERTIORARI," captioned for the "SUPREME COURT OF THE UNITED STATES EASTEREN (sic) DISTRICT." (Doc. 1, 1.) It was unclear from this document whether Petitioner intended to file for relief in this Court, and if so, what type of relief Petitioner was seeking. Further, it was unclear whether Petitioner intended to allege claims concerning his conditions of confinement, or whether Petitioner was complaining of the legality or duration of his confinement. Petitioner complained of the release of false information or slander by a newspaper and conduct in excess of guidelines by parole officers or officials; he adverted to trying to commit suicide while waiting for a parole board hearing beyond the time guidelines; and he raised claims concerning error in what appeared to have been trial court proceedings, such as errors in the exclusion of evidence and sentencing, and the ineffective assistance of counsel. However, Petitioner's allegations were general, vague, and unclear.

By order dated May 2, 2012, the Court informed Petitioner of these problems and directed Petitioner either to 1) voluntarily dismiss the petition, or 2) file either a petition for writ of habeas corpus or a civil rights complaint form in the instant

action. (Doc. 7.)

In response, Petitioner filed the two pleadings that are the subject of this order.

II. <u>Screening the Petition</u>

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990); <u>see</u> <u>also</u> <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; <u>O'Bremski v. Maass</u>, 915 F.2d at 420 (quoting <u>Blackledge v. Allison</u>, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. <u>Hendricks v. Vasquez</u>, 908 F.2d at 491.

The Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; <u>see</u>, <u>Herbst v. Cook</u>, 260 F.3d 1039, 1042-43 (9th Cir. 2001). A petition for habeas corpus should not be

3

dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

   III.   Petitioner's Claims Set Forth in a Civil Rights
          Complaint Form

In the document filed on a civil right complaint form (doc. 12), Petitioner names Judge Ronald Coulard and unnamed "STATE OFFICIALS OF VISALIA" (id. at 1) as defendants. Petitioner complains that unspecified guidelines were broken by the Visalia Parole Office and the Visalia Times Delta, and that the archives will reflect the points that he seeks to correct as well as exploitation and prejudice because Petitioner tried to commit suicide at a detention facility. (Id. at 2.) Petitioner stated that the following is the relief he seeks from the Court:

> I AM APPEALING-FOR THE MID TERM OF MY-SENTENCE AND
> TO LEAVE THE COUNTY WITH ANKLE MONITOR. TO ALL 14TH,
> AMENDMENTS.

(Id.) Petitioner appears to refer to a disproportionate sentence of forty-eight years and to the parole department's and news media's making Petitioner guilty before the court process started because of seven incorrect accounts. (Id. at 8.)

However, Petitioner also notes that he sent this Court copies of the actions of which he complains. Copies of documentation attached to the complaint form reveal that Petitioner is referring to correspondence from the 2012 Board of Parole Hearings (BPH) in which the BPH stated that because Petitioner was currently serving time for his commitment offense and had not been released on parole, Petitioner was not within the jurisdiction of the BPH; further, the BPH did not have an

appeals unit, so Petitioner had to take his claim directly to the courts. (Id. at 5.)

Petitioner also attached a form concerning parole revocation processes (notice of rights, request for witnesses, attorney consultation, probable cause hearing, and final revocation hearing) in which he marked some rules that he alleged that state officials had violated and that gave rise to a violation of Petitioner's right to due process. (Id. at 8.) Petitioner also attached a partially obscured form showing that his parole was suspended on June 30, 2000. The parole suspension form states in relevant part as follows:

> Murillo is aware that there are witnesses to this crime that are aware who he is. Murillo's family are known to be linked to the Mexican Mafia prison gang's command structure. This may motivate him to flee the state. Based on the current events, Murillo's supervision level has been upgraded to High Control from Control Service. Murillo poses a serious threat to the community if not supervised.

(Id. at 9.) Also attached is a form indicating that in July 2000, Petitioner waived his right to a revocation hearing. (Id. at 10.)

With respect to exhaustion of administrative remedies, Petitioner alleged that with respect to "BPH-BPT," he had been told to inform Sacramento and headquarters, but that "THEY ALSO WANT ME TO DEAL-DIRECTLY WITH, THE SENTENCING COURT." (Id. at 3.)

By his choice of a civil rights complaint form, Petitioner appears to allege civil rights violations. However, the relief he seeks is either to be free of his sentence or to be released with supervision.

5

A habeas petition in federal court is the proper mechanism to challenge the fact or duration of confinement. 28 U.S.C. § 2254(a); Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (citing Preiser v. Rodriguez, 411 U.S. 475, 485, 93 S.Ct. 1827, 1833 (1973)). In contrast, challenges to conditions of confinement must be raised in a civil rights action. Badea, 931 F.2d at 574 (citing Preiser, 411 U.S. at 485, 93 S.Ct. at 1833). Here, Petitioner is actually seeking release, and is thus challenging the fact or duration of his confinement. Looking past the type of form that Petitioner chose and instead focusing on the substance of Petitioner's allegations, the Court concludes that Petitioner's "complaint" is actually an amended petition for writ of habeas corpus.

The Court thus CONSTRUES Petitioner's pleading as a first amended petition for writ of habeas corpus.

IV. Failure to State a Cognizable Claim

To the extent that Petitioner complains in his first amended petition of a disproportionate sentence, Petitioner fails to state any facts that would warrant a conclusion that his sentence was unconstitutionally unsound. Petitioner has not set forth facts concerning the details of the commitment offense or the trial or sentencing proceedings that tend to point to a real possibility of constitutional error.

Likewise, if Petitioner intended to challenge a parole revocation that took place in 2000, Petitioner has not provided specific facts concerning any constitutional violation. Although Petitioner listed various rights he alleges were violated in connection with some aspect of the suspension of parole, the

6

documentation submitted with the petition establishes that Petitioner waived his right to a revocation hearing because a criminal prosecution was pending against him. (Doc. 12, 9.) Further, nothing tends to show that after final disposition of the criminal case, Petitioner took affirmative steps to request a hearing, as the form indicates was a possible course of action. It is unclear what either the criminal prosecution or the suspension of parole involved. Although Petitioner makes a generalized assertion of falsified evidence, Petitioner states no specific facts.

It is established that bald assertions and conclusional allegations such as Petitioner's are insufficient to state a habeas claim. Habeas Rule 2(c); Wacht v. Cardwell, 604 F.2d 1245, 1246-1247 (9th Cir. 1979). Because of the absence of factual underpinning for Petitioner's allegations of violations of rights, Petitioner has failed again to state facts pointing to a real possibility that Petitioner's confinement is unlawful or is being unlawfully prolonged.

With respect to whether or not to grant leave to amend the petition, the Court notes that in connection with the originally filed petition in this action, the Court informed Petitioner of the applicable legal standards of pleading in habeas proceedings and extended to Petitioner an opportunity to cure the lack of specificity and certainty in the petition. Despite having been informed of the pertinent law and having been given an opportunity to articulate his claims clearly and to provide specific facts in support of them, Petitioner has failed to do so.

In sum, despite having been informed of the applicable legal standards and having been given the opportunity to provide the facts to the Court, Petitioner has not alleged specific facts that point to a real possibility of constitutional error affecting the fact or duration of his confinement. There is no basis for a conclusion that Petitioner could state tenable claims if leave to amend were granted. Accordingly, Petitioner's first amended petition for writ of habeas corpus will be dismissed without leave to amend.

V.   Document Filed on a Habeas Corpus Petition Form

Several days after Petitioner filed the document that has been previously construed as a first amended petition, Petitioner filed another document on a form for a habeas corpus petition. (Doc. 14.) This document was docketed as a first amended petition for writ of habeas corpus. However, in the Court's order of May 2, Petitioner was given leave to file one pleading, not a series of pleadings. Pursuant to Fed. R. Civ. P. 15(a), Petitioner may amend his pleading once as a matter of course within twenty-one days of service. It is not clear that Petitioner retained the option of filing an amended petition at the time he filed this second document responsive to the Court's order.

However, to the extent that the document filed may be considered an amendment of the earlier petition, it fails to set forth facts warranting habeas relief. In the document, Petitioner sets forth generalized statements that do not amount to specific facts tending to show a constitutional violation. Petitioner complains generally of the following: 1) inmate

access to the web, which becomes a security threat; 2) allowing unspecified people to have access to unspecified information of inmates is becoming hazardous to his life and is suppressing unspecified evidence; and 3) unspecified inmates and correctional officers are telling their families unlawfully to do a background check on the internet of specifics of the inmate, which becomes a dangerous threat upon Petitioner's life. (Doc. 14, 3-4.) Petitioner seeks unspecified injunctive relief. (Id. at 5.)

Even though these allegations are generalized and uncertain, it is clear that Petitioner is not complaining of the legality or duration of his confinement, but rather is challenging his conditions of confinement. Such allegations may belong in a civil rights complaint, but they are not properly set forth in a habeas corpus petition. Should Petitioner wish to seek relief for these claims, he must file a separate civil rights action.

In sum, even if both documents are considered to constitute an amended petition for writ of habeas corpus, any challenge in Petitioner's first amended petition for writ of habeas corpus to the fact or duration of his confinement is uncertain and vague and thus does not state facts warranting habeas corpus relief. To the extent that it challenges conditions of confinement, it does not state facts warranting habeas corpus relief.

It does not appear that if leave to amend were granted, Petitioner could state a tenable claim for relief. Accordingly, Petitioner's first amended petition for writ of habeas corpus will be dismissed without leave to amend.

VI.  Failure to Exhaust State Court Remedies

A petitioner who is in state custody and wishes to challenge

collaterally a conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1162-63 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with the necessary jurisdiction a full and fair opportunity to consider each claim before presenting it to the federal court, and demonstrating that no state remedy remains available. Picard v. Connor, 404 U.S. 270, 275-76 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9-10 (1992), superceded by statute as stated in Williams v. Taylor, 529 U.S. 362 (2000) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), amended, 247 F.3d 904 (9th Cir. 2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275...(1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further in Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001), stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See, Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7... (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds, see, e.g., Hiivala v. Wood, 195 F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); Crotts, 73 F.3d at 865.
> ...
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001).

11

Where none of a petitioner's claims has been presented to the highest state court as required by the exhaustion doctrine, the Court must dismiss the petition. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001). The authority of a court to hold a mixed petition in abeyance pending exhaustion of the unexhausted claims has not been extended to petitions that contain no exhausted claims. Raspberry, 448 F.3d at 1154.

Here, Petitioner admits that he has not exhausted his claims and that appeals are presently pending. (Doc. 12, 2; doc. 14, 1-2.) Accordingly, lack of exhaustion of state court remedies as to Petitioner's claims provides an additional ground for dismissal of the petition.

VII.   Disregard of the Motion to Proceed in Forma Pauperis

Perhaps in contemplation of filing a civil rights complaint, Petitioner filed another application to proceed in forma pauperis in this action. (Doc. 13.) Petitioner has already received authorization to proceed in this action in forma pauperis. Accordingly, Petitioner's renewed application will be disregarded.

VIII.   Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). A certificate of appealability may issue only if the applicant makes a substantial showing of the denial

of a constitutional right.  § 2253(c)(2).  Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.  Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in any procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong.  Id.  It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed.  Miller-El v. Cockrell, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner.  Petitioner has not made a substantial showing of the denial of a constitutional right.

Therefore, the Court will decline to issue a certificate of

appealability.

IX.  <u>Disposition</u>

Accordingly, it is ORDERED that:

1) The prisoner civil rights complaint filed on May 14, 2012, is CONSTRUED as a first amended petition for writ of habeas corpus; and

2) Petitioner's application to proceed in forma pauperis is DISREGARDED; and

3) Petitioner's first amended petition for writ of habeas corpus is DISMISSED without leave to amend; and

4) The Court DECLINES to issue a certificate of appealability; and

5) The Clerk is DIRECTED to close the case.

IT IS SO ORDERED.

**Dated:   July 20, 2012**                   /s/ Sheila K. Oberto
                                      UNITED STATES MAGISTRATE JUDGE